933 So.2d 1280 (2006)
ENVIROCYCLE SOLUTIONS, INC., and Daniel J. Longworth, Appellants,
v.
CARPET INN OF SARASOTA, INC. a/k/a Carpet Inn, Appellee.
No. 2D05-5618.
District Court of Appeal of Florida, Second District.
July 28, 2006.
*1281 Steven C. Henry, Corrales, NM, for Appellants.
W. Andrew Clayton, Jr., of Johnson, Browning & Clayton, Sarasota, and Susan J. Silverman, Sarasota, counsel for Appellee.
FULMER, Chief Judge.
Carpet Inn sued Envirocycle Solutions and Daniel J. Longworth under chapter 517, Florida Statutes (1999 and 2000), the Florida Securities and Investor Protection Act. Carpet Inn prevailed on summary judgment. We reverse only the award of attorney's fees to Carpet Inn because the trial court failed to conduct an evidentiary hearing. In all other respects, we affirm.
Envirocycle does not contest Carpet Inn's entitlement to "reasonable" attorney's fees under section 517.211(6). However, when Carpet Inn's counsel filed his affidavit regarding the fees requested, Envirocycle filed detailed objections to certain entries in the affidavit for a variety of reasons challenging the sufficiency of the information provided and the reasonableness of the amount of fees requested. In its written objections, Envirocycle requested that the court either conduct an evidentiary hearing or give Envirocycle an opportunity to depose Carpet Inn's counsel concerning the details of the services rendered. The trial court did neither. Instead, the trial court entered a final judgment that included an award of all attorney's fees requested by Carpet Inn but made no findings as to hourly rate or number of hours reasonably expended. The trial court also failed to make any findings addressing the objections raised. Therefore, we are unable to determine if the trial court considered the objections raised by Envirocycle or, if considered, on what basis the trial court determined that the objections were without merit. We therefore remand for the trial court to conduct an evidentiary hearing on attorney's fees. See Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Affirmed in part, reversed in part, and remanded.
DAVIS and CANADY, JJ., Concur.